
# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–15–904

KRISTIN ELIZABETH BELL

APPELLANT

V.

ARKANSAS DEPARTMENT OF
HUMAN SERVICES and MINOR
CHILD

APPELLEES

**OPINION DELIVERED** FEBRUARY 24, 2016

APPEAL FROM THE YELL
COUNTY CIRCUIT COURT,
SOUTHERN DISTRICT
[NO. JV-2013-12]

HONORABLE TERRY SULLIVAN,
JUDGE

AFFIRMED

## ROBERT J. GLADWIN, Chief Judge

Appellant Kristin Bell's parental rights to her two-year-old daughter, A.M., were terminated by the Yell County Circuit Court. Kristin argues that the circuit court's order should be reversed because appellee Arkansas Department of Human Services (ADHS) failed to properly serve the petition for termination of parental rights (TPR) on her as required by Arkansas Code Annotated section 9-27-341(b)(2)(A) (Repl. 2015). Kristin also argues for reversal because the evidence was insufficient to prove the statutory grounds pled in support of TPR or that it was in A.M.'s best interest to terminate her parental rights. We affirm.

As to her first argument, we hold that Kristin waived any objection to service through her appearance by her attorney at the termination hearing and she failed to preserve the issue with the circuit court. *See, e.g.*, *Ark. Dep't of Health & Human Servs. v. Jones*, 97 Ark. App. 267, 248 S.W.3d 507 (2007); *Myers v. Ark. Dep't of Human Servs.*, 91 Ark. App. 53, 208 S.W.3d 241 (2005). Arkansas appellate courts have repeatedly stated that the failure

to raise an objection to service issues at the trial level precludes review of the issue on appeal. *Blackerby v. Ark. Dep't of Human Servs.*, 2009 Ark. App. 858, 373 S.W.3d 375. Kristin acknowledges that she failed to raise any objection to service of process and participated in the termination hearing through the full representation of her attorney. Kristin's admitted failure to raise this issue below therefore bars any review of this issue on appeal.

An order terminating parental rights must be based on clear and convincing evidence, *Smithee v. Arkansas Department of Human Services*, 2015 Ark. App. 506, 471 S.W.3d 227, and the circuit court's findings will not be reversed unless they are clearly erroneous—when, although there is evidence to support it, the reviewing court, on the entire evidence, is left with a definite and firm conviction that a mistake has been made. *Id; see also Strickland v. Ark. Dep't of Human Servs.*, 103 Ark. App. 193, 287 S.W.3d 633 (2008). The appellate courts review TPR orders de novo. *Samuels v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 527, 443 S.W.3d 599.

Termination of parental rights is an extreme remedy and in derogation of the natural rights of parents; however, parental rights will not be enforced to the detriment or destruction of the health and well-being of the child. *Smithee, supra.* In order to terminate parental rights, the circuit court must determine by clear and convincing evidence that such termination is in the child's best interest, including consideration of the likelihood that the juvenile will be adopted and the potential harm caused by returning custody of the child to the parent. Ark. Code Ann. § 9-27-341(b)(3)(A). One of the statutory grounds for termination, found in Ark. Code Ann. § 9-27-341(b)(3)(B), must also be proved by clear and convincing evidence.

In the instant case, the circuit court granted ADHS's TPR petition based on two grounds: subsequent factors, codified at section 9-27-341(b)(3)(B)(vii)(a), and aggravated circumstances, codified at section 9-27-341(b)(3)(B)(ix). Kristin claims that the evidence supporting these two grounds was insufficient and, thus, it was error for the circuit court to base its termination order on either of these grounds. The two grounds applicable are listed in section 9-27-341(b)(3)(B) as follows:

> (vii)(a) That other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that placement of the juvenile in the custody of the parent is contrary to the juvenile's health, safety, or welfare and that, despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the parent's circumstances that prevent the placement of the juvenile in the custody of the parent.
>
> . . . .
>
> (ix)(a) The parent is found by a court of competent jurisdiction to:
>
> . . . .
>
> (3 )(A) Have subjected any juvenile to aggravated circumstances.
>
>     (B) "Aggravated circumstances" means:
>
> (i) . . . a determination has been or is made by a judge that there is little likelihood that services to the family will result in successful reunification . . . .

Ark. Code Ann. § 9-27-341(b)(3)(B)(vii) & (ix).

We need not address all grounds because ADHS only had to prove one statutory ground to support TPR. The statutory ground on which we affirm the TPR order is the "subsequent factors" ground, pursuant to section 9–27–341(b)(3)(B)(vii)(*a* ).

The subsequent-factor ground for termination consists of multiple elements. First, this ground requires that subsequent issues arose after the original petition was filed, which demonstrate that it is contrary to the juvenile's health, safety, or welfare to place the juvenile with the parent. Second, appropriate family services must have been offered. Third, there must be evidence that the parent is indifferent or lacks the capacity to remedy the subsequent factors or rehabilitate the parent's circumstances that prevent placement of the juvenile with that parent. Finally, Kristin argues that it is implicit that the subsequent factors arose at a time when the juvenile was not in the custody of the parent, as demonstrated by the language that "placement of the juvenile in the custody of the parent is contrary to the juvenile's health, safety, or welfare," as well as the language at the conclusion of this subsection that the failure to remedy the subsequent factors "prevents the placement of the juvenile in the custody of the parent."

In seeking to terminate Kristin's parental rights, ADHS alleged the following subsequent factors: (1) Kristin's mental instability; (2) the volatile relationship between Kristin and Billy Minnie, who is A.M.'s father,[1] their relatives, and law enforcement; (3) Kristin's positive drug tests; (4) Kristin's leaving the state; (5) Kristin's subsequent incarceration in Kansas; and (6) delays in A.M.'s development. Of these factors, Kristin argues that the only two that can be considered "subsequent factors" are her incarceration and delays in A.M.'s development. She notes that the other issues alleged by ADHS occurred during the time that Kristin successfully maintained custody of A.M. Although Kristin

---

[1]Billy Minnie is not a party to this appeal.

acknowledges that evidence was presented to confirm the existence throughout the case of her mental-health issues, her on-again, off-again relationship with Billy, and legal troubles that caused Kristin to be placed on probation, she notes that none of those issues ever caused the circuit court enough concern that it felt A.M.'s health, safety, or welfare was in jeopardy, as evidenced by the circuit court maintaining A.M.'s custody with Kristin. It was not until Kristin left the state that the circuit court felt compelled to change custody.

As for the two issues that Kristin claims can be considered actual subsequent factors, (1) her incarceration in Kansas, and (2) A.M.'s developmental delays, she claims that ADHS failed to offer any proof that Kristin was unwilling or unable to remedy those circumstances that prevented the return of A.M. to her custody. Kristin acknowledges that ADHS has been involved with the family since May 27, 2013, and has offered services to the family, but she claims that the record demonstrates that Kristin benefited from those services and was able to successfully maintain custody of A.M. for over a year.

Kristin argues that, following her incarceration, both ADHS and the circuit court were unwilling to work with, or provide any further services to, Kristin to help remedy the cause of removal, as evidenced by the circuit court's orders entered following the review and permanency-planning hearings held, respectively, on January 16, 2015, and March 20, 2015. She points out that drug issues did not cause the subsequent removal of A.M. from her custody—as shown by both orders simply instructing the parents to refrain from possessing or using controlled substances, to submit to random drug screens, to complete a drug-and-alcohol assessment, and to complete a drug-treatment program—there was no order for services or instructions to Kristin related to the subsequent removal of A.M.

Additionally, Kristin argues that, in the absence of an order terminating services, her incarceration did not negate the circuit court's duty to order, and ADHS's duty to provide, appropriate services pursuant to section 9-27-341(B)(3)(B)(vii)(a). Where no such services were offered, Kristin urges that there can be no evidence to sufficiently demonstrate that she manifested an indifference or incapacity to remedy the subsequent factors that prevented the placement of A.M. with her.

Kristin does not appear to challenge the existence of sufficient evidence supporting the circuit court's findings; rather, she argues that the circuit court erred in considering certain evidence and claims that the remaining evidence was insufficient to support TPR. Kristin specifically admits that her mental-health issues, family turmoil, and criminal issues represented a reasonable summary of the issues facing her, and fails to challenge the existence of any facts related to those issues. ADHS argues that Kristin's failure (1) to challenge the existence of the facts described in the evidence presented to the circuit court, or (2) to assert that the evidence did not satisfy the elements of the statutory grounds abandons any challenge to those facts on appeal. *Contreras v. Ark. Dep't of Human Servs.*, 2015 Ark. App. 604, 474 S.W.3d 510; *Benedict v. Dep't of Human Servs.*, 96 Ark. App. 395, 242 S.W.3d 305 (2006).

Kristin's argument is that the circuit court erred in considering evidence about issues and facts that arose or occurred while A.M. was in Kristin's custody from September 2013 to December 2014. Kristin argues that "implicit" in the subsequent-factors ground is that the subsequent factors arose at a time when A.M. was not in her custody. We hold that her argument is inconsistent with Arkansas law. First, there is no limitation in the subsequent-

factors ground that a subsequent factor cannot be factor that arose while a parent had custody of the juvenile during the dependency-neglect case. Ark. Code Ann. § 9-27-341(b)(3)(B)(vii). The only temporal limitation provided is that the factor must arise "subsequent to the filing of the original petition for dependency-neglect," which all of the subsequent factors relied on by the circuit court satisfied because they occurred after ADHS's initial petition was filed on May 31, 2013. Kristin improperly attempts to add a new requirement into an unambiguous law that would preclude consideration of any subsequent changes in custody or the reasons for those changes in TPR hearings. Further, we note that Kristin's list of requirements that the subsequent factors must demonstrate that placement with her is contrary to A.M.'s health, safety, or welfare, and that her failure to remedy the subsequent factor(s) must prevent placement of A.M. with her, are elements that contemplate that A.M. has been removed prior to termination. That said, there is no limitation on the circuit court's consideration of factors that caused a removal after the initiation of the proceeding. Ark. Code Ann. § 9-27-341(b)(3)(B)(vii).

Kristin's argument must also fail to the extent that Kristin's assertion challenges ADHS's efforts to provide reunification services because Kristin failed to challenge any of the circuit court's reasonable efforts findings in this case, including the January 16, 2015 review hearing and the March 20, 2015 permanency planning hearing—each of which occurred after A.M.'s second removal from Kristin's custody in October 2014. *Anderson v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 522, 385 S.W.3d 367.

Affirmed.

VIRDEN and GRUBER, JJ., agree.



*Tina Bowers Lee*, Arkansas Public Defender Commission, for appellant.

*Jerald A. Sharum*, County Legal Operations, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor child.