SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-14-323

| | |
|---|---|
| KRYSTAL SAWYER<br>APPELLANT | **Opinion Delivered** September 24, 2014 |
| V. | APPEAL FROM THE SHARP COUNTY CIRCUIT COURT<br>[NO. JV-2013-59] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD<br>APPELLEES | HONORABLE KEVIN KING, JUDGE<br><br>AFFIRMED |

## DAVID M. GLOVER, Judge

The Sharp County Circuit Court terminated Krystal Sawyer's parental rights to her daughter, KG, born September 2, 2010. Sawyer does not appeal the termination, but contends that the trial court erred in denying her motion for continuance made the day of the termination hearing. We affirm.

The case began in April 2013, when KG was placed in DHS custody by emergency order due to suspicious injuries to her head, face, neck, leg, fingers, and arm, which were noted in several doctor visits since December 2012. Additionally, both Sawyer and her live-in boyfriend tested positive for methamphetamine. Sawyer was charged by criminal information in May 2013 with aggravated assault, endangering the welfare of a minor, and two counts of introduction of a controlled substance into the body of another person.

In September 2013, the trial court entered an order adjudicating KG dependent-neglected and granted DHS's motion to terminate any further reunification services.

Specifically, the trial court found that KG was physically abused while in Sawyer's care; that hair-follicle tests performed on KG at Arkansas Children's Hospital revealed high levels of methamphetamine, amphetamines, and opiates in KG's system; and that KG was malnourished, had a fractured elbow, and had severe dental needs. The trial court also found that Sawyer had tested positive for drugs at the time of KG's removal from her custody. The trial court relieved DHS from providing further reunification services, finding by clear and convincing evidence that Sawyer had subjected KG to aggravated circumstances—that the chronic abuse and KG's positive drug tests constituted extreme and repeated cruelty. This adjudication/termination-of-reunification-services order was not appealed.

DHS filed its petition for termination of Sawyer's parental rights in November 2013, and, after a two-day hearing, held in December 2013 and January 2014, the trial court terminated Sawyer's parental rights. At the beginning of the second day of the termination hearing in January 2014, Sawyer's attorney moved for a continuance, arguing that Sawyer would be required to assert her Fifth Amendment right against self-incrimination at the termination hearing due to the pending criminal charges related to KG and the termination case. DHS resisted the motion. The trial court, citing the need for permanency in KG's life, denied Sawyer's request for a continuance. Sawyer now argues that this denial was error.

A motion for continuance shall be granted only upon a showing of good cause; the denial of a motion for continuance will not be reversed absent an abuse of discretion amounting to a denial of justice. *Sanderson v. Arkansas Dep't of Human Servs.*, 2012 Ark. App. 481. A circuit court abuses its discretion when it acts improvidently and without due

consideration. *Id.* In order to show an abuse of discretion, an appellant must show that she was prejudiced by the denial of the motion for continuance. *Hill v. Arkansas Dep't of Human Servs.*, 2013 Ark. App. 760.

Here, Sawyer made her motion for continuance on the day of the termination hearing. A movant's failure to exercise diligence is a fact to be considered by the circuit court in determining whether or not to grant a continuance—lack of diligence is sufficient cause to deny a continuance. *Cotton v. Arkansas Dep't of Human Servs.*, 2012 Ark. App. 455, 422 S.W.3d 130.

However, in the present case, Sawyer was requesting a continuance due to her need to assert her right against self-incrimination regarding her pending criminal charges related to the termination case with regard to KG's injuries. This issue has been addressed in *Henderson v. Arkansas Department of Human Services*, 2010 Ark. App. 481, at 4, where this court held:

> There exists an intricate balance of protecting the constitutional rights of parents and protecting the parental rights of individuals who are simultaneously accused of a crime that gives rise to a petition for termination of those parental rights. It is undeniably improper to penalize one for the exercise of a constitutional right. *Brooks v. Tennessee*, 406 U.S. 605 (1972).

Nevertheless, our court in *Henderson* concluded that there was no abuse of discretion in the trial court's denial of the continuance request because Henderson had never challenged prior findings of the trial court that she had endangered the lives of her children, and she had never asserted any constitutional rights prior to those findings being made. The same scenario is present in the instant case. Sawyer never appealed the findings from the adjudication order that KG was physically abused in her care; that KG had drugs in her system; or that KG had

urgent medical needs that were left untreated. Sawyer also did not appeal the circuit court's termination of reunification services based on the finding that Sawyer had subjected KG to aggravated circumstances.

Under the facts of this case, we cannot hold that the circuit court abused its discretion in denying Sawyer's motion for continuance. Sawyer was aware she was facing criminal charges related to KG prior to DHS's filing of the petition to terminate her parental rights, yet she never asserted her right against self-incrimination prior to the termination hearing. Furthermore, Sawyer did not appeal the circuit court's findings in the adjudication/termination-of-reunification-services order; therefore the findings in that order were already established in the case.

Affirmed.

HARRISON and WYNNE, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Tabitha Baertels McNulty*, Office of Policy and Legal Services; and *Chrestman Group, PLLC*, by: *Keith L. Chrestman*, for appellees.