SLIP OPINION


# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-15-914

JAZMYN CAMPBELL

APPELLANT

V.

ARKANSAS DEPARTMENT OF HUMAN
SERVICES AND MINOR CHILDREN

APPELLEES

Opinion Delivered March 2, 2016

APPEAL FROM THE BENTON
COUNTY CIRCUIT COURT
[NO. J-2014-14]

HONORABLE THOMAS E. SMITH,
JUDGE

AFFIRMED

## LARRY D. VAUGHT, Judge

Jazmyn Campbell appeals the Benton County Circuit Court's termination of her parental rights to her four children, S.C. (born September 6, 2006), C.C. (born November 5, 2010), A.C. (born July 1, 2012), and R.C. (born November 26, 2013). On appeal, Campbell does not challenge the court's findings as to legal grounds or best interest; her only argument is that the court abused its discretion in denying her motion to continue the termination hearing. We disagree and affirm.

Because the only issue on appeal is the denial of Campbell's motion to continue the termination hearing until the resolution of related criminal charges pending against her, only a brief recitation of the facts relevant to that issue is necessary. Jazmyn and Levi Campbell's[1] four children were originally removed due to inadequate supervision and parental drug use. After the children were adjudicated dependent-neglected, the Campbells adequately worked

---

[1] The court also terminated the parental rights of the children's father, Levi Campbell. That disposition is not relevant to this appeal.

their case plan, and the children were placed back in their custody for a trial placement. During the trial placement, Campbell and the children's father had an altercation in which Campbell stabbed him with a knife while he held one of the children. That incident led to criminal charges against Campbell and removal of the children back into the care of the Arkansas Department of Human Services (DHS). After the incident, a second dependency-neglect hearing was scheduled and a termination petition was filed. Prior to the adjudication hearing, Campbell filed a motion to stay the case pending the outcome of her criminal charges. She argued that she intended to invoke her Fifth Amendment right to remain silent at the adjudication hearing and that her inability to speak to the allegations surrounding the incident that caused the end of the trial placement prejudiced her ability to defend against the dependency-neglect petition. She claimed that a finding of dependency-neglect, under these circumstances, would violate her Fifth Amendment right to remain silent and her Sixth Amendment right to effective assistance of counsel in her criminal proceeding. In the motion, she asked the court to stay both the adjudication hearing and the termination hearing.

The court denied Campbell's request to stay both hearings. In its adjudication order, the court found that Campbell's request for a stay did not "outweigh the purpose of the juvenile code." The children were (again) adjudicated dependent-neglected, based in part on a finding that "both parents have neglected the juveniles through voluntary intoxication while supervising the children when the mother lost her temper and cut the father while he was holding [R.C.], thereby threatening her with harm." Campbell immediately appealed the adjudication order.

On July 7, 2015, the court held a hearing on DHS's petition to terminate both parents' parental rights. At the outset of the hearing, Campbell's counsel again moved for a continuance, arguing that proceeding with the termination hearing would violate Campbell's Fifth and Sixth Amendment rights. The court again denied the request, the hearing took place, and Campbell's parental rights were terminated.

On September 11, 2015, Campbell filed her notice of appeal from the termination order, which began the case currently before us. On October 22, 2015, she filed in this court a motion to voluntarily dismiss her pending appeal of the adjudication order, which was granted.

Under Arkansas law, in order to terminate parental rights, a circuit court must find both that termination would be in the child's best interest and that at least one statutory ground for termination has been established. *Meriweather v. Ark. Dep't of Health & Human Servs.*, 98 Ark. App. 328, 332, 255 S.W.3d 505, 507 (2007). On appeal, Campbell does not challenge the circuit court's findings as to statutory grounds or best interest. Her sole argument is that the circuit court abused its discretion by denying her motion to continue the termination hearing until after the resolution of her pending criminal charges.[2] We will not reverse the denial of a motion for continuance absent an abuse of discretion amounting to the denial of justice. *Smith v. Ark. Dep't of Human Servs.*, 93 Ark. App. 395, 401, 219 S.W.3d 705, 708 (2005). A circuit court abuses its discretion when it acts improvidently and without due consideration. *Henderson v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 481. Additionally,

---

[2] Campbell also abstracted only the termination hearing. Her brief does not challenge the circuit court's denial of her motion to continue the adjudication hearing or the factual findings made in the adjudication order.

in order to prevail on appeal, an appellant must demonstrate prejudice from the denial of a motion for a continuance. *Green v. State*, 354 Ark. 210, 118 S.W.3d 563 (2003); *Cotton v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 455, at 7, 422 S.W.3d 130, 135.

We hold that the circuit court did not abuse its discretion in denying Campbell's motion to continue the termination hearing. Our case law is clear that the existence of pending criminal charges relating to events at issue in a termination case does not automatically require a stay of the termination case until those charges are resolved. *Hathcock v. Ark. Dep't of Human Servs.*, 347 Ark. 819, 825, 69 S.W.3d 6, 9–10 (2002). The Arkansas Supreme Court has repeatedly stated that the decision to stay termination proceedings pending the outcome of a related criminal case is within the sound discretion of the circuit court and involves balancing the interests of all parties. *Id.*, 69 S.W.3d at 9–10. In this case, unlike in *Henderson*, 2010 Ark. App. 481, on which Campbell heavily relies, the children were not already placed in safe, stable, permanent homes with relatives; they were in DHS care, with the case goal being adoption. The children's interest in achieving permanency was a factor that was not at issue in *Henderson*, a fact reflected in the circuit court's finding that "staying the proceedings to protect the parent's rights does not outweigh the purposes of the juvenile code."[3]

Moreover, Campbell cannot demonstrate that she was prejudiced by the denial of her motion for a continuance. The Arkansas Supreme Court noted in *Hathcock* that a circuit

---

[3] We have previously held that "the General Assembly's expressed purpose in the juvenile code is to protect dependent-neglected children and make their health and safety its paramount concern." *Thorne v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 443, at 14, 374 S.W.3d 912, 919, *overruled on other grounds by Myers v. Ark. Dep't of Human Servs.*, 2011 Ark. 182, 380 S.W.3d 906.

court could, in its discretion, stay the termination hearing, proceed as scheduled, or utilize some combination of other tools, such as protective orders, discovery limitations, and other limiting orders. *Hathcock*, 347 Ark. at 825, 69 S.W.3d at 9–10. In this case, Campbell was never called to testify at the termination hearing by any party, and she never requested any remedy other than an indefinite continuance of all proceedings until her criminal case was resolved. Had she taken the stand, the court could have used the types of less severe remedies described in *Hathcock* to allow her to provide testimony on other issues relevant to the termination proceeding that were unrelated to the pending criminal charges.

We also note that Campbell cannot demonstrate prejudice from the circuit court's decision denying her motion to stay the termination hearing because she voluntarily abandoned her appeal of the adjudication order containing the court's previous denial of her motion to continue and factual findings related to her pending criminal charges. An adjudication order is immediately appealable pursuant to Rule 6-9(a)(1)(A) of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas. In *Ashcroft v. Arkansas Department of Human Services*, 2010 Ark. App. 244, at 8, 374 S.W.3d 743, 747, we stated that "we have held that a parent's failure to appeal the rulings made in an adjudication order precludes appellate review of those findings in an appeal from a subsequent order." *Ashcroft,* 2010 Ark. App. 244, at 8, 374 S.W.3d at 747 (citing *Lewis v. Ark. Dep't of Human Servs.*, 364 Ark. 243, 217 S.W.3d 788 (2005); *White v. Ark. Dep't of Human Servs.*, 2009 Ark. App. 609, 344 S.W.3d 87; *Causer v. Ark. Dep't of Human Servs.*, 93 Ark. App. 483, 220 S.W.3d 270 (2005)). For example, in *Villasaldo v. Arkansas Department of Human Services*, 2014 Ark. App. 465, at 6–7, 441 S.W.3d 62, 66, we stated that

> We note that Villasaldo did not appeal from the adjudication order in which the trial court found that she failed to protect J.G. from abuse. A parent's failure to appeal the rulings made in an adjudication order precludes appellate review of those rulings in an appeal from a subsequent order. Thus, this court does not question whether Villasaldo indeed failed to protect her son from abuse because that fact has been established.

*Villasaldo*, 2014 Ark. App. 465, at 6–7, 441 S.W.3d at 66 (internal citations omitted).

By failing to fully appeal the previous order, Campbell has essentially acquiesced to the circuit court's denial of her motion to stay and its factual finding that she placed her child at risk by stabbing Levi Campbell while he held the child. As such, she cannot now demonstrate prejudice from the court's subsequent reiteration of those findings in the termination order. We affirm.

Affirmed.

HOOFMAN and BROWN, JJ., agree.

*Tabitha B. McNulty*, Arkansas Public Defender Commission, for appellant.

*Jerald A. Sharum*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor children.