

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR–16–88

| | |
|---|---|
| JAVIER MACIEL<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** September 21, 2016<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT [NO. CR-2014-1164]<br><br>HONORABLE J. MICHAEL FITZHUGH, JUDGE<br><br>AFFIRMED |

### RAYMOND R. ABRAMSON, Judge

Javier Maciel appeals his conviction for second–degree sexual assault of his stepdaughter, Y.C. On appeal, Maciel argues that the circuit court erred in admitting into evidence other sexual acts pursuant to the pedophile exception because (1) the acts occurred after the charged crime; and (2) the pedophile exception deprived him of equal protection of the laws. We affirm.

On December 16, 2014, the State charged Maciel with second–degree sexual assault of Y.C. that occurred between January 1, 2012, and November 1, 2014. Y.C. had reported that on multiple occasions throughout that time period, Maciel had entered her bedroom during the night and rubbed her vaginal area.

On September 4, 2015, Maciel filed a motion in limine. He informed the court that the State planned to introduce testimony at trial that Maciel had penetrated Y.C.'s vagina with his finger on two occasions while they were on a trip to Mexico. He asked the court

to exclude the evidence because (1) the acts occurred outside the court's jurisdiction; (2) the acts were not similar to the charged crime; (3) the acts did not uniquely identify Maciel; (4) the testimony was inadmissible under Arkansas Rule of Evidence 403 (2015); and (5) the testimony violated his due-process rights pursuant to the Fifth and Sixth Amendments.

On October 30, 2015, Maciel filed a second motion in limine. He again asked the court to exclude the testimonial evidence that he had penetrated Y.C. with his finger while they were in Mexico. He reasserted his argument from the September 4, 2015 motion that the testimony was inadmissible under Rule 403 and added that the testimony was also inadmissible under Arkansas Rule of Evidence 404(b).

The court held a hearing on the motions on November 4, 2015. At the hearing, Maciel's attorney moved the court to exclude any testimony about the alleged acts in Mexico. He recognized that the State sought to introduce the testimony under the pedophile exception; however, he asserted that the exception

> violate[ed] his rights to due process and that it treats somebody with these charges under a different set of rules than somebody charged with any other set of charges. Therefore, it would violate his right to due process under the Arkansas Constitution and the U[nited] S[tates] Constitution.

He additionally asserted that the anticipated testimony would be highly prejudicial to Maciel. The court denied Maciel's motions.

The case proceeded to trial on November 9, 2015. At trial, Y.C. testified that beginning in the summer of 2011, Maciel came into her bedroom during the night and touched her vaginal area. She testified that the assaults happened twice a month for the next few years. Y.C. also testified that in January and February of 2014, she went on a trip to Mexico with Maciel, and while they were there, he penetrated her vagina with his finger

on two different occasions. She testified that Maciel did not touch her sexually after the Mexico trip.

Following the testimony, the jury found Maciel guilty of second-degree sexual assault and sentenced him to fifteen years' imprisonment in the Arkansas Department of Correction. Maciel timely appealed his conviction to this court. On appeal, he argues that the circuit court erred in admitting into evidence the testimony about the acts in Mexico pursuant to the pedophile exception because (1) the acts occurred after the charged crime; and (2) the exception deprived him of equal protection of the laws.

We are unable to address the merits of Maciel's appeal because Maciel failed to preserve the issues at the circuit court. It is well settled that an appellant must raise the issue and make an argument at trial in order to preserve it for appeal. *Raymond v. State*, 354 Ark. 157, 118 S.W.3d 567 (2003). This is true even when the issue raised is constitutional in nature. *Id.* If a particular theory was not presented, the theory will not be reached on appeal. *Id.*

In this case, Maciel made several arguments to the circuit court against the admissibility of the testimony about the alleged penetration of Y.C. in Mexico. As discussed above, he argued that the testimony was inadmissible because (1) the acts occurred outside the court's jurisdiction; (2) the acts were not similar to the charged crime; (3) the acts did not uniquely identify Maciel; (4) the testimony was inadmissible under Rules 403 and 404(b); and (5) the testimony violated his due-process rights pursuant to the Fifth and Sixth Amendments. However, he did not argue to the circuit court that the evidence was inadmissible because the acts in Mexico occurred after the charged crime or that the

pedophile exception violated his rights under the equal protection clause. Accordingly, we must affirm Maciel's conviction.

Affirmed.

HARRISON and KINARD, JJ., agree.

*Barham Law Office, P.A.*, by: *R. Kevin Barham*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellee.