SLIP OPINION

Cite as 2016 Ark. App. 570

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–16–686

| | |
|---|---|
| MICHAEL BURKETT, SR.<br>APPELLANT | **Opinion Delivered** November 30, 2016 |
| V. | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. 04JV-2016-24-3] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN<br>APPELLEES | HONORABLE THOMAS SMITH, JUDGE<br><br>AFFIRMED |

### RITA W. GRUBER, Judge

Michael Burkett, Sr., appeals from the Benton County Circuit Court's order adjudicating his two children—M.B. (8/9/08) and A.B. (8/30/10)—dependent-neglected and terminating his parental rights. His sole argument on appeal is that the circuit court abused its discretion in denying his motion to stay the proceedings or, in the alternative, to seal his testimony. We hold that the circuit court did not abuse its discretion, and we affirm its order.

Because appellant has not challenged the circuit court's decision adjudicating the children dependent-neglected or its findings regarding termination of his parental rights, only a brief recitation of the facts is necessary. At the time this case was initiated, appellant and the children's mother, Melinda, were divorced, and she had remarried Charles Taldo. Appellant had custody, and Melinda had regular visitation. While the children were visiting the Taldos over the Christmas holidays, M.B. was discovered squatting in the bathtub touching his anus.

Melinda asked him about the behavior, but he would not speak to her about it. He then told Charles that appellant had touched him inappropriately.

On January 3, 2016, Early Mallow, a forensic interviewer at the Benton County Children's Advocacy Center, interviewed M.B., who told her that when he was six, "his dad . . . put his mouth on his private and moved his head back and forth." Because Melinda did not have legal custody of the children, the Department of Human Services (DHS) filed a petition for emergency custody, and the court entered an order granting the petition on January 5, 2016. During the investigation, authorities also discovered that one of appellant's nephews had alleged that he had been sexually abused by appellant. Appellant was subsequently arrested and charged with two counts of rape.

In the probable-cause order entered on January 12, 2016, the court set the adjudication hearing for February 23, 2016. On February 23, 2016, DHS and the attorney ad litem filed a joint petition to terminate appellant's parental rights. The court also entered an order that day finding good cause to continue the adjudication hearing until April 19, 2016, noting that the parents had waived objections to holding the hearing within the statutory time frame.[1] The court set the termination hearing for the same day.

On March 31, appellant filed a motion to stay proceedings and an accompanying brief, stating that he was incarcerated and was facing criminal charges stemming from the same facts giving rise to the adjudication and termination. He claimed that he intended to invoke his Fifth Amendment right to remain silent at the adjudication and termination hearings and that

---

[1] *See* Ark. Code Ann. § 9-27-327(a)(4) (Repl. 2015).

his inability to speak in his own defense at these hearings would severely impair his ability to defend himself. Thus, he argued, the finding of dependency-neglect or termination of parental rights in such circumstances would unlawfully penalize him for asserting his Fifth Amendment right. He also argued that proceeding with the adjudication and termination hearings would unconstitutionally impair his Sixth Amendment right to effective assistance of counsel in his criminal trial because it would impede his criminal counsel's ability to prepare his case. Specifically, he argued that DHS's presentation of evidence against appellant would deny his criminal attorneys the opportunity to effectively cross-examine witnesses in the criminal trial due to the different admissibility standards in civil and criminal trials. And, appellant claimed, this could subject him to the introduction of evidence at his criminal trial that would otherwise be constitutionally inadmissible.

The combined adjudication/termination hearing was held on April 19, 2016. When DHS called appellant to the stand, he renewed his motion to stay proceedings on the basis of his constitutional rights under both the Fifth and Sixth Amendments. The court denied the motion, reasoning that appellant's criminal case had not been set for trial and that the case could constitute "a majority of this child's life, that [the court] did not think warrant[ed] the staying of this proceeding." Appellant's counsel confirmed that he was not aware of a trial date having been set. In addition, the court noted that, in light of the $200,000 bond, appellant would presumably be in jail during the pendency of the case. The court denied the motion, concluding as follows:

> I don't ever allow the child's best interests to be put on hold, when it comes to a criminal proceeding that may take one year, two years, or three years. The interests

of the children need to be placed first, at all times, in this Court.

The court also responded to appellant's alternative motion for a protective order or sealing of the proceedings:

> COURT: Well, these are close[d] proceedings anyway. I'm not going to be allowing these proceedings to be turned over without some compelling interest that would sustain or justify that. As far as this court is concerned, this is a closed, sealed, proceeding that will not be open.
>
> I assume the only opening of the proceeding that's going to happen is in the event your client loses, and decides you have to appeal.
>
> I think, at that point, that stuff could end up being in the record. If you were to—if he was to lose, and I terminate his rights, and you chose to appeal it, you would ask for a transcript, and you would publish the transcript to the higher court to make rulings; would you not?
>
> APPELLANT'S COUNSEL: I would, Your Honor, but those transcripts are under seal at the higher court, as well.

Appellant then testified briefly and invoked his Fifth Amendment right to remain silent. M.B. testified, describing several incidents of sexual abuse perpetrated on him by appellant.

The court entered an adjudication and termination-of-parental rights order on May 20, 2016, finding the children to be dependent–neglected due to a substantial risk of serious harm as a result of sexual abuse and parental unfitness perpetrated by appellant. The court then found by clear and convincing evidence that it was in the children's best interest to terminate appellant's parental rights and that DHS had proved the ground of aggravated circumstances both because of sexual abuse and because the court found that there was little likelihood that services to the family would result in successful reunification. The court also

specifically found M.B. to be credible in his account of the sexual abuse by appellant.

Appellant does not challenge the decision adjudicating the children dependent-neglected or the decision terminating his parental rights. His sole point on appeal is that the circuit court abused its discretion in denying his motion to stay both proceedings. Our case law is clear that the existence of a pending criminal charge relating to events at issue in a termination case does not automatically require a stay of the termination case until those charges are resolved. *Campbell v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 146, at 4. The decision whether to stay termination proceedings pending the outcome of a related criminal case is within the sound discretion of the circuit court and involves balancing the interests of all parties. *Id.* We will not reverse the denial of a motion for continuance absent an abuse of discretion amounting to a denial of justice. *Id.* at 3; *Smith v. Ark. Dep't of Human Servs.*, 93 Ark. App. 395, 401, 219 S.W.3d 705, 708 (2005). Additionally, we will not reverse absent a showing of prejudice from the denial of the motion for continuance. *Martin v. Ark. Dep't of Human Servs.*, 2015 Ark. App. 407, at 4, 465 S.W.3d 881, 883–84.

We hold that the circuit court did not abuse its discretion in denying appellant's motion to stay the proceedings until the conclusion of his criminal proceedings. Termination cases are unique civil cases because time is viewed from the juvenile's perspective and the best interests of the children take precedence at every stage of the proceedings. Ark. Code Ann. § 9-27-341(a)(3) & Ark. Code Ann. § 9-27-102 (Repl. 2015). Our statute governing termination of parental rights sets forth its intent to "provide permanency in a juvenile's life" in all circumstances where return to the family home is contrary to the juvenile's health,

SLIP OPINION

safety, or welfare and it appears from the evidence that return to the family home cannot be accomplished "in a reasonable period of time as viewed from the juvenile's perspective." Ark. Code Ann. § 9-27-341(a)(3). Our case law is clear that a child's need for permanency and stability may override a parent's request for additional time to improve the parent's circumstances. *Dozier v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 17, at 9, 372 S.W.3d 849, 854. Moreover, our legislature has made the children's best interests the controlling factor in these proceedings:

> The General Assembly recognizes that children are defenseless and that there is no greater moral obligation upon the General Assembly than to provide for the protection of our children and that our child welfare system needs to be strengthened by establishing a clear policy of the state that the best interests of the children must be paramount and shall have precedence at every stage of juvenile court proceedings.

Ark. Code Ann. § 9-27-102.

We turn first to appellant's argument that his inability to speak in his own defense at these hearings severely impaired his ability to defend himself and thus violated his Fifth Amendment right under the Constitution. The court noted that appellant's request for the stay was indefinite given that no trial date had been set in appellant's criminal case. Thus, the court expressed significant concern that the continuance could conceivably amount to a significant portion of the children's lives. In line with our state's clearly expressed policy to provide permanency in a reasonable amount of time viewed from the juvenile's perspective and putting the best interests of the children first at every stage of proceedings, the court denied appellant's motion. Addressing appellant's alternative motion to seal the proceedings, the court noted that the proceedings had already been closed and sealed. Indeed, appellant's

counsel actually stated that the proceedings were also sealed on appeal.

Finally, appellant has not appealed the findings supporting adjudication or the termination. The court found two grounds for termination. While one of those grounds was aggravated circumstances based on sexual abuse, the other ground was aggravated circumstances based on little likelihood that services to the family would result in successful reunification. The basis for this finding was appellant's incarceration from the time of removal of the children through the as-yet-not-set criminal trial and his consequent inability to work on a case plan to resolve the issues causing removal while incarcerated. This finding did not depend on appellant's testimony or proof of sexual abuse. Neither would have affected the basis for the court's finding on this ground.

Appellant also argues on appeal that the court abused its discretion in denying his motion for stay based on his Sixth Amendment right to effective assistance of counsel in his criminal proceeding. Specifically, he argued that DHS's presentation of evidence against him in his civil hearing denied his criminal attorneys the opportunity to effectively cross-examine witnesses in the criminal trial. He cites no authority for a court to evaluate the effectiveness of trial counsel before the trial has occurred. We will not speculate regarding the events at the criminal trial, which had not been set at the time of his termination hearing, or the effectiveness of his criminal counsel, who had yet to perform. And we hold that the circuit court did not abuse its discretion in denying his motion for stay on this speculative basis. To the extent that appellant argues on appeal that the circuit court's denial of his motion for stay violated his right to effective assistance of counsel at the termination hearing, his argument



is not preserved for our review. In order to preserve a challenge for our review, a movant must advise the circuit court of the specific basis on which his motion is made. *Hunter v. State*, 330 Ark. 198, 203, 952 S.W.2d 145, 148 (1997); *see also Maciel v. State*, 2016 Ark. App. 413, ___ S.W.3d ___. Here, appellant's Sixth Amendment argument in the circuit court was based solely on ineffective assistance of counsel in the criminal trial.

Affirmed.

HARRISON and HOOFMAN, JJ., agree.

*Tabitha McNulty*, Arkansas Public Defender Commission, for appellant.

*Mary Goff*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor children.