RITA W. GRUBER, Chief Judge
Tiffany Turner appeals from the Union County Circuit Court's order terminating her parental rights to her son, JH, born December 8, 2015. She does not challenge *636 the sufficiency of the evidence to support the termination decision. Her sole point on appeal is that the termination order is void and should be reversed because the circuit court failed to timely adjudicate JH dependent-neglected, depriving the court of subject-matter jurisdiction to enter any further orders in the case. We hold that the circuit court did not lose jurisdiction and affirm its order.
Because appellant does not challenge the termination decision itself, only a brief recitation of the facts is necessary. The Arkansas Department of Human Services (DHS) exercised an emergency hold on JH on February 12, 2016, alleging neglect and parental unfitness after discovering JH crying inside a running vehicle, while appellant was inside the apartment. Appellant admitted having used methamphetamine the previous evening. On April 29, 2016, the circuit court entered an order finding that probable cause necessitating JH's removal continued to exist along with custody in DHS.
On May 16, 2016, the circuit court held an adjudication hearing, which appellant and her attorney both attended. The circuit court found that JH was dependent-neglected based on appellant's drug use and placed temporary custody of JH with appellant's mother, Stephanie Watson. The court did not actually enter the adjudication order until January 25, 2017. The court entered an order of emergency change of custody on May 24, 2016, returning custody to DHS after a May 19, 2016, drug screen on Ms. Watson was positive for methamphetamine and amphetamines. The court held review hearings on August 15, 2016, and December 5, 2016. On February 6, 2017, the court held a permanency-planning hearing and changed the goal of the case to termination and adoption, specifically finding that appellant had not complied with the case plan and orders of the court. The court found that she had made "zero progress" and that she had no housing, had failed to complete drug treatment, had no income, had not visited regularly, and continued to test positive for drugs when DHS "catches her to test her." On February 7, 2017, DHS filed a petition to terminate appellant's parental rights.
The court held a termination hearing on April 17, 2017, and entered an order terminating appellant's parental rights on July 12, 2017. The court found that appellant had subjected JH to aggravated circumstances, specifically finding that there was little likelihood that services to the family would result in successful reunification. The court also found by clear and convincing evidence that it was in JH's best interest to terminate appellant's parental rights.
On appeal, appellant contends that we must reverse the circuit court's order terminating her parental rights because the court lost jurisdiction over the case when it failed to hold an adjudication hearing or enter an order adjudicating JH dependent-neglected within the statutory time frame. She argues that because the court had no jurisdiction to proceed with the case after that lapse, its order terminating parental rights is void.
We turn first to the relevant statutory law and its application to the particular facts in this case. The statute governing adjudication hearings in dependency-neglect cases provides in relevant part as follows:
(a)(1)(A) An adjudication hearing shall be held to determine whether the allegations in a petition are substantiated by the proof.
....
(4)(A) The dependency-neglect adjudication hearing shall be held within thirty *637 (30) days after the probable cause hearing under § 9-27-315.
(B) On a motion of the court or any party, the court may continue the adjudication hearing up to sixty (60) days after the removal for good cause shown.
....
(f) In dependency-neglect cases, a written adjudication order shall be filed by the court, or by a party or party's attorney as designated by the court, within thirty (30) days of the date of the hearing or prior to the next hearing, whichever is sooner.
Ark. Code Ann. § 9-27-327 (Repl. 2015).
JH was removed from appellant's custody on February 12, 2016. The court held a probable-cause hearing on February 29, 2016. The adjudication hearing was initially scheduled for April 4, 2016, but was later continued until May 16, 2016. According to the statute, the court was authorized to continue the hearing up to sixty days after the removal, which occurred on February 12, 2016. Thus, the court was authorized by statute to continue this case until April 12, 2016. The court's hearing on May 16, 2016, was not in compliance with the statute. And although appellant attended the hearing and admits that the court found JH dependent-neglected at the hearing, she points out that the court did not enter its adjudication order setting forth this finding until January 25, 2017, well beyond the deadline set forth in the statute of thirty days after the hearing. Unquestionably, the circuit court failed to hold a timely adjudication hearing and then compounded its failure by failing to enter a timely adjudication order after it had held the hearing.
Although the circuit court erred, we hold that appellant failed to timely present this issue. She and her attorney were present at the adjudication hearing, yet appellant failed to appeal from the adjudication order. Pursuant to Ark. R. App. P.-Civ. 2, the adjudication order was a final, appealable order. Jefferson v. Ark. Dep't of Human Servs. , 356 Ark. 647, 657, 158 S.W.3d 129, 135-36 (2004). That failure precludes our review of the issue. Id. We also note that appellant failed to raise this issue at the termination hearing. Indeed, appellant never raised this issue to the circuit court.
We recognize appellant's argument that this is an issue of subject-matter jurisdiction and may be raised for the first time on appeal. Our relevant case law suggests otherwise. Although the juvenile code sets forth certain time frames for the court regarding the various hearings and orders, these statutes do not express a remedy for a violation of these time limits. McKinney v. Ark. Dep't of Human Servs. , 2017 Ark. App. 475, at 16, 527 S.W.3d 778, 788-89. We have held that when the legislature has not seen fit to fashion a remedy, it is not the province of the court of appeals to do so. Id. We have also held that the circuit court's violation of a statutory time frame under the juvenile code does not cause the court to lose jurisdiction over the case when the General Assembly did not provide a sanction for the violation and there was no evidence that such a result was intended. Newman v. Ark. Dep't of Human Servs. , 2016 Ark. App. 207, at 9, 489 S.W.3d 186, 192 (citing Hill v. Ark. Dep't of Human Servs. , 2012 Ark. App. 108, 389 S.W.3d 72 (holding failure of the circuit court to hold termination hearing within ninety days of the filing of the petition did not deprive the circuit court of jurisdiction)); see also Wade v. Ark. Dep't of Human Servs. , 337 Ark. 353, 990 S.W.2d 509 (1999) (holding violation of requirement that termination order be entered within thirty days of hearing did not cause circuit court to lose jurisdiction to enter order where statute did not provide *638 sanction for an untimely filing and appellant suffered no real prejudice where order simply showed that which had actually occurred).
Termination cases are unique civil cases because time is viewed from the juvenile's perspective, and the best interests of the children take precedence at every stage of the proceedings. Burkett v. Ark. Dep't of Human Servs. , 2016 Ark. App. 570, at 5, 507 S.W.3d 530, 534. To reverse this case would be contrary to JH's best interest. We hold that the circuit court's violation of the time limits set forth in Ark. Code Ann. § 9-27-327 did not deprive it of jurisdiction over the case.[1]
Affirmed.
Harrison and Glover, JJ., agree.

Although the legislature has failed to incorporate statutory consequences for a circuit court's failure to comply with the statutory timelines in the juvenile code, we strongly encourage the circuit courts to abide by these timelines because compliance is in the juveniles' best interests.