MIKE MURPHY, Judge
Appellant Kayla Picinich appeals from the October 31, 2017 order of the Sebastian County Circuit Court adjudicating her child dependent-neglected. On appeal, Picinich argues that the circuit court lost subject-matter jurisdiction and committed reversible error by failing to enter a written adjudication order within thirty days of the adjudication hearing per Arkansas Code Annotated § 9-27-327(f). We affirm.
On May 15, 2017, the Department of Human Services (DHS) exercised an emergency seventy-two hour hold on Picinich's child, P.P. (DOB 5/13/2017). DHS filed a petition for emergency custody and dependency neglect on May 17, 2017. The petition alleged P.P. dependent-neglected based on the fact that Picinich voluntarily terminated her parental rights to her two other children on March 31, 2017-less than two months prior to P.P.'s birth. The affidavit attached to the petition stated that based on interviews with family members, the circumstances were such that Picinich and the identified biological father[1] still could not ensure the safety of P.P. That same day, the circuit court entered an ex parte order of emergency custody. A probable-cause order was entered June 19, 2017, that stipulated that probable cause existed at the time the hold was exercised and continued to exist such that it was necessary that P.P. continue in the legal custody of DHS and provisional care of her maternal grandparents.
At the adjudication hearing, held on June 21, 2017, Picinich agreed to stipulate to a dependency-neglect finding. The circuit court found from the bench that P.P. was dependent-neglected based upon parental unfitness. It ordered custody to remain with DHS with a goal of reunification. The adjudication order was not entered until October 31, 2017. This timely appeal followed.
In dependency-neglect cases, the standard of review on appeal is de novo, but we do not reverse the circuit court's findings unless they are clearly erroneous or clearly against the preponderance of the *918 evidence. Samuels v. Ark. Dep't of Human Servs. , 2016 Ark. App. 2, at 6-7, 479 S.W.3d 596, 600. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. Id. In reviewing a dependency-neglect adjudication, we defer to the circuit court's evaluation of the credibility of the witnesses. Id. The focus of an adjudication hearing is on the child, not the parent; at this stage of a proceeding, the Juvenile Code is concerned with whether the child is dependent-neglected. Id.
In dependency-neglect cases, a written adjudication order shall be filed by the court, or by a party or party's attorney as designated by the court, within thirty (30) days of the date of the hearing or prior to the next hearing, whichever is sooner. Ark. Code Ann. § 9-27-327(f).
Here, the circuit court conducted the adjudication hearing on June 21, 2017, and the adjudication order was not filed until 132 days later. Picinich asserts that the court's failure to enter the order within the time period authorized under the Juvenile Code deprived the circuit court of jurisdiction to enter its order and that the court committed reversible error by entering the order.
Appellees assert that our court has already resolved that noncompliance with the Juvenile Code's time frames does not take away the circuit court's jurisdiction, and we agree. We most recently addressed this argument in Turner v. Arkansas Dep't of Human Servs. , 2018 Ark. App. 52, 539 S.W.3d 635. There, the appellant never raised the issue that the adjudication order was entered well beyond the statutory deadline until after her parental rights were terminated and we held that it precluded our review of the issue. Here, while the issue was raised in a timely manner, we are still precluded from addressing it based on our further explanation in Turner :
We recognize appellant's argument that this is an issue of subject-matter jurisdiction and may be raised for the first time on appeal. Our relevant case law suggests otherwise. Although the juvenile code sets forth certain time frames for the court regarding the various hearings and orders, these statutes do not express a remedy for a violation of these time limits. We have held that when the legislature has not seen fit to fashion a remedy, it is not the province of the court of appeals to do so. Id. We have also held that the circuit court's violation of a statutory time frame under the juvenile code does not cause the court to lose jurisdiction over the case when the General Assembly did not provide a sanction for the violation and there was no evidence that such a result was intended.
Termination cases are unique civil cases because time is viewed from the juvenile's perspective, and the best interests of the children take precedence at every stage of the proceedings. To reverse this case would be contrary to [the child's] best interest. We hold that the circuit court's violation of the time limits set forth in Ark. Code Ann. § 9-27-327 did not deprive it of jurisdiction over the case.
Turner , 2018 Ark. App. 52, at 4-6, 539 S.W.3d at 637-38 (internal citations omitted).
We decline to overrule our own precedent and similarly hold that the circuit court did not lose jurisdiction. Therefore, the court did not commit reversible error by failing to enter a timely written-adjudication-order because Arkansas Code Annotated § 9-27-327(f) provides no specific consequences for the failure to abide by its *919 mandatory dictates. Additionally, to reverse would be contrary to P.P.'s best interest.
Although the legislature has failed to incorporate statutory consequences for a circuit court's failure to comply with the statutory timelines in the juvenile code, we strongly encourage the circuit courts to abide by these timelines because compliance is in the juveniles' best interests.
Affirmed.
Whiteaker and Hixson, JJ., agree.

P.P.'s legal father, Picinich's current husband, was incarcerated during the period of time when conception would have occurred. He is currently serving a twenty-year sentence. P.P's biological father was also the father of Picinich's other children, and his rights were also terminated in March 2017.