Cite as 2022 Ark. App. 317

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-22-38

| | |
|---|---|
| BRADLEY UREN<br><br>APPELLANT<br><br>V.<br><br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN<br><br>APPELLEES | Opinion Delivered September 7, 2022<br><br>APPEAL FROM THE BAXTER COUNTY CIRCUIT COURT [NO. 03JV-20-1]<br><br>HONORABLE DEANNA "SUZIE" LAYTON, JUDGE<br><br>AFFIRMED |

**KENNETH S. HIXSON, Judge**

Appellant Bradley Uren appeals from an order terminating his parental rights to his daughter J.U., now age fifteen; his son H.U., now age fourteen; and his daughter G.U., now age thirteen.[1] On appeal, Bradley does not challenge the trial court's findings as to statutory grounds or best interest. His argument is that the trial court erred in denying his motion to seal the termination proceedings or, in the alternative, to continue the termination hearing until the resolution of related criminal charges against him. We affirm.

Because Bradley has not challenged the sufficiency of the evidence supporting the termination of his parental rights, only a brief recitation of the facts is necessary. On January

---

[1]The children's mother, Jennifer Uren, was also involved in these dependency-neglect proceedings. However, Jennifer executed a voluntary relinquishment of her parental rights before the termination hearing, and she is not a party to this appeal.

6, 2020, appellee Arkansas Department of Human Services (DHS) filed a petition for emergency custody of the children accompanied by affidavits alleging that Bradley had sexually abused both of his daughters and that the children's mother was aware of the abuse but had failed to protect the children. In an interview with an investigator, G.U. disclosed that Bradley had used his penis and fingers to penetrate her vaginally and anally and that this had happened fifteen times over the past five years. G.U. stated that she had told her mother about the abuse and that her mother then asked J.U. if this had happened to her, to which J.U. nodded her head yes. Despite these disclosures, the children's mother never took any protective action. Both Bradley and the children's mother were Mirandized and gave statements to the police. Bradley denied any wrongdoing, while the mother at first denied any knowledge of the sexual abuse but ultimately admitted that G.U. had told her about it. On the same day the petition was filed, the trial court entered an ex parte order of emergency custody. Bradley was charged with three counts of rape, and the children's mother was also criminally charged as a result of her failure to protect the children from the abuse.[2]

On March 28, 2020, the trial court entered an order adjudicating the children dependent-neglected. In the adjudication order, the trial court found that all the facts alleged in DHS's petition were true and were made the findings of the court. The trial court

---

[2]Due to no-contact orders issued in the pending criminal cases, neither parent had any contact with the children from the time of the children's removal through the termination of the parents' parental rights.

2

found the children dependent-neglected as the result of sexual abuse perpetrated by Bradley. Bradley did not appeal from the adjudication order.

On November 6, 2020, DHS filed a petition to terminate both parents' parental rights, and the termination hearing was scheduled for April 5, 2021. On April 2, 2021, Bradley moved for a continuance, stating that his criminal rape charges, which were the basis for the children's removal and the termination petition, had yet to be adjudicated. Bradley maintained his innocence and indicated that he would invoke his Fifth Amendment right not to testify at the termination hearing unless the criminal trial was concluded first. Bradley asserted that he would not be able to exercise his constitutional rights if the termination hearing occurred before the criminal trial because both were based on the same fact pattern.

The trial court denied Bradley's motion for continuance, but it granted the mother's request to continue the matter for unrelated reasons, and the termination hearing was reset for May 17, 2021. Bradley's counsel subsequently asked for a continuance due to a scheduling conflict, and the termination hearing was continued until August 16, 2021. The termination hearing was held on August 16, 2021, at which time Bradley's criminal rape charges remained pending.

Three weeks prior to the termination hearing—on July 27, 2021—Bradley filed a motion[3] asserting that he should not be forced to choose between his Fifth Amendment right not to incriminate himself and his right to parent his children as guaranteed by the

---

[3]Bradley also filed an amended motion that was substantially the same as the original motion.

Fourteenth Amendment. In order to exercise both of these constitutional rights, Bradley asked for an order that sealed his testimony at the termination hearing and prevented its disclosure at the criminal trial. Bradley's motion was not ruled on prior to the termination hearing.

At the outset of the termination hearing, Bradley argued his motion to the trial court. Bradley stated that because the criminal trial would occur after the termination hearing, "we would ask that . . . [by] whatever mechanism the court finds appropriate that Mr. Uren's testimony be sealed" and something that may not be used by the prosecutor in the criminal proceeding.

In addressing Bradley's motion, the trial court first cited Ark. Code Ann. § 9-27-309 (Repl. 2020) of the Arkansas Juvenile Code, which provides that "[a]ll records may be closed and confidential within the discretion of the circuit court" absent exceptions not applicable here. The trial court stated that the record from this dependency-neglect case is closed and confidential. The trial court stated further that because there had been no request to release any confidential records, it did not need to make a decision on that issue. The trial court stated that "my ruling is the statute applies," that these proceedings are closed and confidential, and that any ruling on a potential future request by some other court was premature.

Bradley then made an alternative motion for a continuance until he had an opportunity to speak with his criminal defense counsel regarding this matter. The trial court denied the motion for a continuance, although it did order a brief recess to afford Bradley

4

the opportunity to confer with his criminal defense counsel. A brief recess was taken, and the termination hearing resumed.

Bradley did not testify at the termination hearing. The only witness to testify was DHS family service worker Harry Shriver.

Mr. Shriver testified that Bradley had been incarcerated on the rape charges since March 2020 and that since then, he had acquired additional charges. In September 2020, Bradley was charged with second-degree battery committed against two jailers, and in February 2021, he was charged with second-degree battery committed against an inmate. Mr. Shriver recommended termination of Bradley's parental rights based on the previous allegations of sexual abuse as set forth in DHS's affidavits. All three children had been placed with the maternal grandparents since May 2020, and the grandparents expressed an interest in adopting them. Mr. Shriver stated that he believes the children are highly adoptable.

On October 29, 2021, the trial court entered an order terminating Bradley's parental rights. In addition to finding clear and convincing evidence that termination was in the children's best interest, the trial court also found clear and convincing evidence of five statutory grounds.[4] Of particular importance to this case, the trial court found pursuant to Ark. Code Ann. § 9-27-341(a)(3)(B)(vi) (Supp. 2021) that the court had found the juvenile or a sibling dependent-neglected as a result of sexual abuse perpetrated by the juvenile's

---

[4]Under Arkansas law, in order to terminate parental rights, the trial court must find by clear and convincing evidence that termination would be in the children's best interest and that at least one statutory ground for termination has been established. *Meriweather v. Ark. Dep't of Hum. Servs.*, 98 Ark. App. 328, 255 S.W.3d 505 (2007).

parent. Significantly, this finding was previously made by the trial court in the adjudication order, from which Bradley did not appeal.

On appeal from the termination of his parental rights, Bradley argues that the trial court erred in not sealing his testimony such that it be kept confidential from the prosecutor in his pending criminal case, and further erred in not granting his alternative request for a continuance. Bradley cites *Linder v. Linder*, 348 Ark. 322, 72 S.W.3d 841 (2002), where the supreme court stated that parental rights are protected by the Due Process Clause of the Fourteenth Amendment. Bradley argues that because he was compelled to invoke his Fifth Amendment right to remain silent at the termination hearing, he was unable to defend against the termination petition or to challenge the sufficiency of the evidence supporting the termination on appeal. Bradley contends that the trial court failed to balance his Fifth Amendment right against self-incrimination and his Fourteenth Amendment Due Process right to parent, and that the trial court erred in determining that the government's interest in terminating his parental rights outweighed his right to testify at the termination hearing. Bradley asks that we reverse the termination and remand to allow him to give his sealed testimony in the termination proceedings or, alternatively, to continue the termination proceedings until after his criminal trial.

We hold that the trial court committed no error in either its ruling on Bradley's motion to seal the record or in its denial of Bradley's motion for a continuance. With respect to Bradley's motion to seal the record, the trial court confirmed that the proceedings had already been closed and sealed. *See Burkett v. Ark. Dep't of Hum. Servs.*, 2016 Ark. App. 570,

507 S.W.3d 530 (rejecting appellant's argument that the trial court erred in denying his motion to seal his testimony where trial court noted that the proceedings had already been closed and sealed). By sealing the record, the trial court afforded Bradley all the relief that could be afforded during these proceedings in this regard. We also find no error in the trial court's denial of a continuance until the conclusion of the criminal proceedings for the following reasons.

The denial of a motion for continuance is within the discretion of the trial court, and that court's decision will not be reversed absent an abuse of discretion amounting to a denial of justice. *Henderson v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 481. The appellant bears the burden of showing that the trial court's denial of a continuance was an abuse of discretion, and in order to show an abuse of discretion, the appellant must show that he was prejudiced by the denial. *Id.* To find an abuse of discretion in the trial court's denial of Bradley's request for a continuance, we must say that the trial court's decision to deny was made improvidently and without due consideration comparing the protection of appellant's constitutional right against self-incrimination with the protection of his parental rights. *See id.* In *Hathcock v. Arkansas Department of Human Services*, 347 Ark. 819, 69 S.W.3d 6 (2002), the supreme court stated that the constitution does not require a stay of civil proceedings pending the outcome of criminal proceedings, but a court *may, in its discretion*, decide to stay such civil proceedings where the intent of justice seems to require a stay. Our case law is clear that the existence of a pending criminal charge relating to the events at issue in a

termination case does not automatically require a stay of a termination case until those charges are resolved. *Campbell v. Ark. Dep't of Hum. Servs.*, 2016 Ark. App. 146.

Our statute governing termination of parental rights sets forth its intent to "provide permanency in a juvenile's life" in all circumstances where return to the family home is contrary to the juvenile's health, safety, or welfare and it appears from the evidence that return to the family home cannot be accomplished "in a reasonable period of time as viewed from the juvenile's perspective." Ark. Code Ann. § 9-27-341(a)(3). Our case law is clear that a child's need for permanency and stability may override a parent's request for additional time to improve the parent's circumstances. *Burkett, supra.* Moreover, our legislature has made the children's best interest the controlling factor in these proceedings:

> The General Assembly recognizes that children are defenseless and that there is no greater moral obligation upon the General Assembly than to provide for the protection of our children and that our child welfare system needs to be strengthened by establishing a clear policy of the state that the best interests of the children must be paramount and shall have precedence at every stage of juvenile court proceedings.

Ark. Code Ann. § 9-27-102 (Repl. 2020).

Applying these considerations, we hold that the trial court did not err in denying Bradley's motion for a continuance. At the time of the termination hearing, the children had been out of Bradley's custody for nineteen months. The children had been in the custody of their maternal grandparents for fifteen months, the children are adoptable, and the grandparents had expressed an interest in adopting them. The protection of the children and achieving permanency was of paramount concern, and we see no abuse of discretion by

8

the trial court in not postponing these proceedings until the resolution of Bradley's criminal charges.

Finally, we cannot find an abuse of discretion in the trial court's denial of a continuance for yet another reason. When a party fails to appeal from an adjudication order and challenge the findings therein, he is precluded from asserting error on appeal with respect to those findings from an order terminating parental rights. *Garner v. Ark. Dep't of Hum. Servs.*, 2022 Ark. App. 33, 639 S.W.3d 421. In the adjudication order, the trial court found that the facts stated in DHS's affidavits concerning the sexual abuse were true, and the trial court adjudicated the children dependent-neglected based on its finding of sexual abuse perpetrated by Bradley. These findings in the adjudication order conclusively established a statutory ground for the termination of Bradley's parental rights. Prior to those findings being made in the adjudication order, Bradley never asserted any Fifth Amendment constitutional right.[5] And after these findings were made in the adjudication order, Bradley did not appeal the findings. Because those findings were already established prior to the termination hearing, we cannot say that Bradley was prejudiced by the denial of a

---

[5]Bradley suggests in his brief that he was not arrested on the rape charges until May 2020, which was after the March 10, 2020 adjudication hearing, and thus that he was unaware of the criminal charges prior to the adjudication hearing. However, the record shows otherwise. The family service worker testified that Bradley had been incarcerated since March 2020, and the record contains a transport order to transport Bradley from the Baxter County jail to the courthouse for the March 10, 2020 adjudication hearing. Moreover, Bradley was clearly aware of the likelihood of criminal charges from the time the children were removed from his custody based on the allegations that he had committed multiple rapes against his youngest daughter.

continuance or that the trial court acted improvidently or without due consideration when it denied Bradley's request for a continuance. *See Sawyer v. Ark. Dep't of Hum. Servs.*, 2014 Ark. App. 495; *Henderson*, *supra*.

Affirmed.

KLAPPENBACH and BARRETT, JJ., agree.

*Tara Ann Schmutzler*, for appellant.

*Ellen K. Howard*, Ark. Dep't of Human Services, Office of Chief Counsel, for appellee.

*Casey D. Copeland*, attorney ad litem for minor children.