# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-14-471

| | |
|---|---|
| | **Opinion Delivered:** October 1, 2014 |
| JAMAR SAMUELS | |
| APPELLANT | APPEAL FROM THE UNION COUNTY CIRCUIT COURT [JV-2011-188] |
| V. | |
| | HONORABLE EDWIN KEATON, |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILD | JUDGE |
| APPELLEES | AFFIRMED |

## RHONDA K. WOOD, Judge

Jamar Samuels appeals the termination of his parental rights to A.S., his five-year-old daughter. He challenges the court's best-interest finding, the court's findings of the statutory grounds for termination, the lack of accommodations pursuant to the Americans with Disabilities Act (ADA), and his counsel's ineffectiveness. We find no error and affirm.

I.      *Facts and Procedural History*

In 2011, DHS removed A.S. from the custody of her mother following the death of her sibling. The court adjudicated her dependent-neglected and ordered the goal of permanent custody with Samuels, her father. After some time, the court placed A.S. in Samuels's temporary custody. Thirty-one days later, Samuels was arrested and pleaded guilty to the third-degree domestic battery of his girlfriend; A.S. had been present during the incident. The court removed A.S. from his custody and she remained in foster care for

another sixteen months. In August 2013, the court found that it was in A.S.'s best interest to return her to Samuels's custody a second time. Yet, a month later, Samuels was arrested again, and the court returned A.S. to DHS's custody. In January 2014, the court terminated Samuels's parental rights.

## II.    *Standard of Review and Applicable Law*

We review termination–of–parental–rights cases de novo. *Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001). Grounds for termination of parental rights must be proved by clear and convincing evidence. *M.T. v. Ark. Dep't of Human Servs.*, 58 Ark. App. 302, 952 S.W.2d 177 (1997). The question on appeal is whether the circuit court's finding that a disputed fact was proved by clear and convincing evidence is clearly erroneous, giving due regard to the opportunity of the trial court to judge the credibility of the witnesses. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Dinkins, supra.*

Termination of parental rights is a two-step process that requires the circuit court to find that the parent is unfit and that termination is in the best interest of the child. *L.W. v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 44, 380 S.W.3d 489. The first step requires proof of one or more of the statutory grounds for termination. Ark. Code Ann. § 9-27-341(b)(3)(B) (Supp. 2013). The second step requires consideration of whether the termination of parental rights is in the juvenile's best interest. Ark. Code Ann. § 9-27-341(b)(3)(A).

Whether termination is in the juvenile's best interest includes consideration of the following: (i) the likelihood that the juvenile will be adopted if the termination petition is granted and (ii) the potential harm, specifically addressing the health and safety of the child, caused by returning the child to the custody of the parent. Ark. Code Ann. § 9-27-341(b)(3)(A)(i)–(ii). The court, however, does not have to determine that every factor considered be established by clear and convincing evidence; instead, after considering all of the factors, the evidence must be clear and convincing that the termination is in the best interest of the child. *L.W.*, *supra*.

## III.    *Discussion*

Here, the circuit court found two statutory grounds for termination: (1) that other factors or issues arose subsequent to the filing of the original petition that demonstrate that placement of the juvenile in the custody of the parent is contrary to the juvenile's health, safety, or welfare and that, despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues, Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)(*a*), and (2) that the father subjected the child to aggravated circumstances, Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)(*a*)(*3*)(A).

Since the original filing, the court removed A.S. from Samuels's custody on two occasions. Both occasions were due to Samuels being arrested. The court also ordered, after the initial filing, that Samuels regularly take his medication and attend counseling; however, he failed to comply with both. We cannot say it was clearly erroneous for the court to find that other factors arose after commencement of the case and that Samuels demonstrated an incapacity and indifference to remedy these issues.

The circuit court also found that Samuels subjected A.S. to aggravated circumstances under Ark. Code Ann. § 9–27–341(b)(3)(B)(ix)(*a*)(*3*)(*A*)−(*B*). DHS alleged this ground in its petition and the court found this ground was proved as a basis for termination. Samuels contends that there was no proof presented that a court had found aggravated circumstances; however, he failed to raise this specific argument at trial and therefore it is not preserved on appeal. *Ark. Dep't of Human Servs. v. Jones*, 97 Ark. App. 267, 248 S.W.3d 507 (2007).

Next, we hold that the circuit court did not err when it found that termination of Samuels's parental rights was in A.S.'s best interest. First, Samuels challenges the finding that A.S. is adoptable. Adoptability is only one of the factors that the court considers when making a best-interest decision. Ark. Code Ann. § 9–27–341(b)(3)(A)(i)−(ii). The trial court must simply consider the likelihood that a child will be adopted. *Dority v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 295. Here, the court noted that A.S. was "five years old and adoptable, even with the behavior issues." Supporting this finding was the testimony of Marea Smith, an adoption specialist. She explained that there were 35 families within 150 miles of A.S.'s zip code that would be interested in adopting a child with characteristics similar to those of A.S.'s. Additionally, she testified that there were other factors that would improve the likelihood of A.S. being adopted, such as A.S. being biracial, over the age of two, and qualified for a subsidy. Finally, there was testimony that A.S.'s current foster family and the family who adopted her half-siblings were considering adopting her.

Second, Samuels challenges the court's finding that there exists potential harm or risk to A.S. if she were to return to his custody. The circuit court is not required to affirmatively identify a potential harm or to find that actual harm would result if the child were returned to the parent; rather, the potential-harm evidence must be viewed in a forward-looking manner and considered in broad terms. *Gutierrez v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 575, 424 S.W.3d 329. In the course of this case, the court provided two opportunities for Samuels to have custody of A.S. Both times it resulted in her return to foster care. The court considered several other factors that demonstrated a risk of harm, such as Samuels's consistent failure to take his medication, his unstable housing, and his missing approximately forty percent of his counseling sessions. A failure to comply with court orders can indicate potential harm. *B.H.1. v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 532. All of this evidence of potential harm, combined with the evidence regarding A.S.'s adoptability, supports the court's ruling that termination of Samuels's parental rights was in A.S.'s best interest.

Last, Samuels contends in a convoluted argument that the termination of his parental rights was in error because the court failed to make reasonable accommodations for him under the ADA. He admits that he failed to raise this below, but contends it qualifies as a *Wicks* exception to the contemporaneous-objection rule. *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980). Samuels acknowledges that our supreme court has never found a *Wicks* exception in a termination case, but contends that we should do so now because he had ineffective assistance of counsel. First, if he is in fact attempting to raise an ineffective-assistance-of-counsel argument, we cannot consider it because Samuels

failed to raise it below. We will not review an ineffective-assistance-of-counsel claim on appeal unless it was "first raised in the trial court and the facts and circumstances surrounding the claim were fully developed in the trial court." *Jones v. Ark. Dep't of Human Servs.*, 361 Ark. 164, 191, 205 S.W.3d 778, 794 (2005). Second, Samuels does not provide any legal support for application of a *Wicks* exception, nor does he state which *Wicks* exception would be applicable. As the Arkansas Supreme Court explained, we "will not do [appellant's] research" and "will affirm when the appellant's argument is neither supported by legal authority nor apparent without further research." *Hopper v. Garner*, 328 Ark. 516, 524, 944 S.W.2d 540, 544 (1997).

After a review of all the points raised, we find no error by the circuit court and affirm.

Affirmed.

GLADWIN, C.J., and BROWN, J., agree.

*Shannon Holloway*, for appellant.

*Tabitha Baertels McNulty*, Office of Policy and Legal Services, for appellee.

*Chrestman Group, PLLC*, by: *Keith Chrestman*, attorney ad litem for minor child.