Paul E. Danielson, Justice, concurring in part and dissenting in part. I agree with the majority’s holdings on the issues in this case with the exception of the issue of ineffective assistance of counsel. I would reverse the circuit court’s order terminating parental rights and remand this case , to the circuit court for a new adjudication hearing. In Jones v. Arkansas Department of Human Services, 361 Ark. 164, 205 S.W.3d 778 (2005), this court held that, as a matter of law, the right to counsel in parental-termination |2ncases includes the right to. effective counsel. We adopted the standard set forth by.the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for determining whether counsel for parents performed ineffectively in termination proceedings. As in a criminal case, applying the two-prong Strickland test to a’ termination-of-parental-rights case requires the parent to prove (1) that counsel’s performance was deficient, and (2) that counsel’s deficient performance prejudiced the parent to the extent of depriving him or her of a fair trial. See Jones, 361 Ark. 164,205 S.W.3d 778. Justice Wood’s concurring opinion asserts thé discussion in Jones regarding ineffective-assistance-of-counsel claims is obiter dicta and has no precedential value. Black’s 'Law Dictionary 1240 (10th ed. 2014) defines “obiter dictum” as follows: A judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential (although it may be considered persuasive).... Strictly speaking, an “obiter dictum” is a remark made or opinion expressed by a judge, in his decision upon a cause, “by the way” — that is, incidentally or collaterally, and not directly upon the question before the court; or it is any state- ■ ment of law enunciated by the judge or court merely by way of illustration, argument, analogy, or suggestion. (Quoting William M. Lile et al., Brief Making and the Use of Law Books 304 (Roger W. Cooley & Charles Lesley Ames eds., 3d ed. 1914)). This court in Jones expressly adopted the Strickland test for ineffective-assistance-of-counsel claims in termination-of-parental-rights cases. This holding was not - merely a comment or remark expressed by a judge “by the way.” Even though we did not reach the merits of the ineffective-assistance-of-counsel claim in Jones because it was not raised in the circuit court or ruled upon, the issue of ineffective-assistance-of-counsel claims in termination cases was directly before this court. The Jones opinion |⅞1 included a thorough discussion of Arkansas Code Annotated section 9-27-316(h) (Repl.2002) (which provides for a parent’s right to counsel in all dependency-neglect proceedings), decisions from other jurisdictions on the ineffective-assistance-of-counsel issue, and the similarities between criminal cases and dependency-neglect cases. Therefore, our holdings in Jones regarding the availability of ineffective-assistance-of-eounsel claims and the application of the Strickland standard are not obiter dicta but are legal precedent that should be applied in this case. The' majority further asserts that' the ineffective-assistance-of-counsel claims in the present case were not developed or ruled upon, and therefore we cannot reach them on appeal. I disagree. Both Chris and Anita filed motions claiming ineffective assistance of counsel and then argued those motions at the termination hearing. The circuit court denied these claims when it found that there was a meaningful hearing: Both Mr.- and Ms. Taffner’s attorney had full opportunity to cross examine all the witnesses and did so. That hearing went on for a really, really long time; They had [the] right to attorneys. Free attorneys were appointed to them. They had the right for discovery with— that was something they could have done. The attorneys did make objections throughout that hearing, whether or not [appellants] think they were proper objections or not, it’s not for me to-decide. Obviously, there’s a transcript. As far as whether or not their attorneys advised them of their right to appeal, I don’t know what they talked about in private with their lawyers. I would hold that the ineffective-assistance-of-counsel claims were developed and ruled upon and that we can reach them on appeal. Applying the first prong of the Strickland standard to this case, I would hold that both Chris and Anita have demonstrated deficient performance on the part of their attorneys by their failure to advise them of their right to appeal the adjudication order. Both Chris and |22Anita filed motions and argued at the termination hearing that had they been advised of their right to appeal the adjudication order, they would have done so. Moreover, in making its ruling that the adjudication hearing was a “meaningful hearing,” the circuit court considered the fact that the adjudication was not appealed, stating that both defendants were represented by counsel and had full opportunity "for cross-examination of witnesses — an opportunity of which they did avail' themselves. The Court further finds that the Adjudication order was not appealed. - In dependency-neglect cases, “[tjrial counsel shall explain to his/her client all rights regarding any possible appeal, including deadlines, the merits, and likelihood of success on appeal.” Ark. Sup.Ct. R. 6-10(a) (2015). Because Anita and Chris were not advised of their right to appeal, their attorneys’ performance was deficient; therefore, the first prong of the Strickland standard has been met. Turning to the second prong of the Strickland standard, I would hold that Anita’s and Chris’s counsels’ failure to advise them of their right to appeal the. adjudication order prejudiced them to the extent that each was deprived.of a fair trial. An adjudication order is an appeal-able order in a dependency-neglect proceeding. Ark. Sup.Ct. R. 6-9(a)(l)(A) (2015). In termination cases, a challenge to a finding of aggravated, circumstances must be made, if. at all, in an appeal from the adjudication order. Holloway v. Ark. Dep’t of Human .Seros., 2015 Ark. App. 458, 468 S.W.3d 805 (citing Willingham v. Ark. Dep’t of Human Servs., 2014 Ark, App. 568; Hannah v. Ark. Dep’t of Human Servs., 2013 Ark. App. 502). If a party fails to appeal from an adjudication order in which an aggravated-circumstances finding is made, the party is precluded from asserting error with respect to that finding on appeal from l^an order terminating parental rights. Hollowaty, 2015 Ark. App. 458, 468 S.W.3d 805 (citing Anderson, v. Ark. Dep’t of Human Servs., 2011 Ark.App. 791, 387 S.W.3d 311; Krass v. Ark. Dep’t of Human Servs., 2009 Ark. App. 245, 306 S.W.3d 14). The dependency-neglect petition did not contain allegations of aggravated circumstances., At the adjudication hearing, counsel for Anita, Chris, DHS, and the attorney, ad litem stated that all parties agreed to a finding of dependency-neglect based on the stipulation of certain facts. Despite- the parties’ agreement, the circuit court decided' to conduct a full hearing and ruled that there were aggravated circumstances. While the original goal of the case was reunification, the unexpected manner in which the adjudication hearing was cpnducted and the finding of aggravated circumstances resulted in the goal being changed ■ to adoption. By the time Chris and Anita reached the termination hearing, all previous hearings and orders of the circuit court had been tainted by the adjudication hearing. Because ■ Chris and Anita were not advised of their rights to appeal the adjudication order, they are now precluded from asserting error, which has clearly prejudiced them to the extent that they did not receive a fair trial. Therefore, I would hold that both prongs of the Strickland test have been met in this case. Accordingly, I. would reverse and remand for a new adjudication hearing. Furthermore, because ineffective assistance of counsel in one stage of a dependency-neglect proceeding can affect and prejudice the parties at each subsequent stage, I would refer this case to the appropriate committee to work with the civil practice committee to implement rules governing the filing of ineffective-assistance-of-counsel claims in these cases.