

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–17–319

JENNIFER DENEN

APPELLANT

V.

ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN

APPELLEES

**Opinion Delivered:** September 20, 2017

APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26JV–16–346]

HONORABLE TOM COOPER, JUDGE

AFFIRMED; MOTION TO WITHDRAW GRANTED

## MIKE MURPHY, Judge

Appellant Jennifer Denen appeals from the termination of her parental rights to her two children, M.F. and R.R. Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), Denen's counsel has filed a no-merit brief and motion to withdraw asserting that there are no issues of arguable merit to support an appeal and that she should be relieved as counsel. A copy of counsel's brief and motion was mailed to Denen, and after being informed of her right to file pro se points, Denen declined to file any points. We affirm the trial court's order and grant counsel's motion to be relieved.

We review termination-of-parental-rights cases de novo. *Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001). At least one statutory ground must exist, in addition to a finding that it is in the child's best interest to terminate parental rights; these must be proved by clear and convincing evidence. Ark. Code Ann. § 9-27-341(b)(3)

(Repl. 2015); *Mitchell v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 715, 430 S.W.3d 851. Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *Brown v. Ark. Dep't of Human Servs.*, 2017 Ark. App. 303, 521 S.W.3d 183. The appellate inquiry is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.*

On August 17, 2016, the Arkansas Department of Human Services (DHS) filed a petition for emergency custody and dependency–neglect concerning M.F. (d.o.b. 6-26-12) and R.R. (d.o.b. 9-22-15). The accompanying affidavit provided that DHS had received a hotline report that M.F. had been observed displaying inappropriate sexual and aggressive behaviors indicative of possible sexual and physical abuse. DHS scheduled interviews for the children at the Child Advocacy Center. One of M.F.'s half-siblings (whose custody is not at issue in this appeal) was interviewed, and he disclosed that M.F. was called an "idiot all the time" and "whooped regularly with a stick on the buttocks and back." R.R.'s physical examination showed a "horrible rash on her vagina and buttocks," an "extremely filthy" genital area, and a diaper area with "dried feces, trash, and excessive discharge."

M.F. disclosed that she had been spanked by Denen and R.R.'s putative father, Clarence Reed. She said that at times she would not be fed at home, even though her siblings were eating. At the time of the interview, she had a black eye, scars on her wrist, and "severe bruising covering her buttocks and down her leg." When a police officer asked

M.F. her name, she responded "Idiot." The affidavit also detailed that Reed admitted zip-tying M.F.'s hands, which caused the bruising, and calling her an idiot. Denen acknowledged to the police that she knew Reed had been abusing M.F. but had not stopped him. DHS exercised an emergency hold on the children, and the trial court entered two separate ex parte orders, one granting custody to DHS for M.F. and R.R., and the other placing Denen's four other children (half-siblings to M.F. and R.R.) in their father's sole custody and suspending Denen's visits with those children.

A probable-cause hearing was held on August 24, 2016, and continued M.F. and R.R. in DHS's custody. An adjudication hearing was held one month later, and the court found by clear and convincing evidence that M.F. and R.R. had suffered from physical abuse and neglect and had also been subjected to aggravated circumstances based on chronic abuse and extreme cruelty. The goal of the case was set for adoption. The adjudication order was not appealed. DHS then filed a petition to terminate Denen's parental rights.

At the termination hearing, DHS first called Judy Jenson, the investigator assigned to the case. She testified to the details and allegations in the affidavit. Jenson said that she concluded her investigation with a finding that Denen and Reed had subjected a child to "Threat of Harm, Failure to Protect, Striking a Child on the Face or the Head, Cuts, Bruises or Welts, Failure to Thrive, Inadequate Food, [and] Tying and Restraining a Child."

A DHS caseworker testified that Denen was facing criminal charges based on the reasons the children entered foster care. The caseworker further opined that termination was in the children's best interest because the children would be at risk of suffering the same abuse and neglect if returned to the mother.

DHS also put on a counselor from the Child Advocacy Center who provided therapy to M.F. The counselor, Karen Wright, testified that M.F. suffered from PTSD and would require therapy for quite some time to recover. During therapy, M.F. had disclosed to Wright that her mom would tie her up and hit her with a plastic bat, and Wright found the disclosure to be very credible. Finally, DHS put on an adoption specialist who believed both children are adoptable based on their characteristics.

Denen testified that she was willing to comply with the case plan. She said she had not attempted to contact her children because there was a no-contact order in place, and she did not have a way to contact her caseworker from prison. She testified she was incarcerated because she had been charged with first-degree domestic battery, permitting child abuse, and first-degree endangering the welfare of a minor child. She also informed the court of some of the services she had completed while in prison.

On January 18, 2017, the trial court entered an order terminating Denen's parental rights as to M.F. and R.R. The trial court found by clear and convincing evidence that termination of parental rights was in the children's best interest, and the court specifically considered the likelihood of adoption, as well as the potential harm of returning the children to Denen's custody as required by Arkansas Code Annotated section 9-27-341(b)(3)(A). The trial court also found clear and convincing evidence of three statutory grounds under subsection (b)(3)(B).

In the no-merit brief, Denen's counsel correctly asserts that there can be no meritorious challenge to the sufficiency of the evidence supporting termination of Denen's parental rights. Although the trial court found three grounds for termination, only one

SLIP OPINION

ground is necessary to support the termination. *See Draper v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 112, 389 S.W.3d 58. In both the adjudication order and the termination order, the trial court found under Arkansas Code Annotated section 9–27–341(b)(3)(B)(vi)*(a)* that both children were dependent-neglected as a result of physical abuse and neglect perpetuated by Denen.

In both the adjudication order and the termination order, the trial court also found under Arkansas Code Annotated section 9-27-341(b)(3)(B)(ix)*(a)(3)(B)(i)* that there were aggravated circumstances because M.F. had been subjected to chronic physical abuse and repeated, extreme cruelty.

An adjudication order is an appealable order in a dependency-neglect proceeding. Ark. Sup. Ct. R. 6-9(a)(1)(A). When a party fails to appeal from an adjudication order and challenge the findings therein, she is precluded from asserting error on appeal with respect to those findings from an order terminating parental rights. *See Holloway v. Ark. Dep't of Human Servs.*, 2015 Ark. App. 458, 468 S.W.3d 805. Because Denen did not appeal from the adjudication order, which contained the trial court's findings by clear and convincing evidence that the children were dependent-neglected as a result of abuse and neglect and that M.F. had been subjected to extreme cruelty, the grounds supporting termination cannot be challenged in this appeal. Moreover, on this record we conclude that the trial court did not clearly err in finding these statutory grounds.

We also agree with counsel's assertion that there can be no meritorious challenge to the trial court's finding that termination was in the best interest of the children. The findings of abuse and neglect from the adjudication hearing were not appealed, and at the termination

hearing the psychological examiner and the caseworker both testified that the children would be at risk of harm if returned to Denen's custody. There was also evidence that the children are adoptable. Based on the evidence presented, the trial court's finding that termination of Denen's parental rights was in the best interest of the children was not clearly erroneous.

Denen's counsel also included in her brief seven additional rulings adverse to Denen and explained why they would not support a meritorious appeal. The first concerned  trial counsel's objection to the introduction of the certified copy of the record from this proceeding, and the remaining were objections made by DHS and sustained by the court. Those objections were: three for appellant's trial counsel being argumentative with the witness, one for a question that had been asked and answered, and two more for relevance. We agree with counsel that none of these rulings constituted reversible error.

After reviewing the record and counsel's brief, we agree with counsel that an appeal from the trial court's decision to terminate Denen's rights would be wholly without merit. We are satisfied counsel has complied with the requirements of *Linker-Flores*, *supra*, and this court's rules, and none of the adverse rulings provide a meritorious basis for reversal.

Affirmed; motion to withdraw granted.

VIRDEN and GLOVER, JJ., agree.

*Tabitha McNulty*, Arkansas Public Defender Commission, for appellant.

One brief only.