Cite as 2024 Ark. App. 298

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-23-837

| | |
|---|---|
| | Opinion Delivered May 8, 2024 |
| KAYLYN ROBISON | |
| APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT |
| V. | [NO. 66FJV-21-109] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN | HONORABLE ANNIE HENDRICKS, JUDGE |
| APPELLEES | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Kaylyn Robison appeals from the order of the Sebastian County Circuit Court terminating her parental rights to two children. Robison's sole argument on appeal is that the circuit court committed reversible error in denying her motion to have two witnesses testify by Zoom. We affirm.

This case began when Robison's two children, aged eighteen months and six months, were taken into custody by the Arkansas Department of Human Services (DHS) on March 17, 2021.[1] Robison was incarcerated in Oklahoma when the children's putative father was arrested on drugs and weapons charges, leaving the children with no caretaker. Robison met

---

[1]The children were removed from the physical custody of their putative father and the legal custody of Robison and their legal father, Scott Robison. Scott Robison's parental rights were terminated in this case, but he is not a party to this appeal.

with DHS the day after her release from jail and reported that she lived in Oklahoma with an ex-boyfriend and visited the children at the putative father's home.[2] Robison also reported that she had previously lost custody of four children in Nebraska who were later adopted by her grandmother, Judy Aaron.

The children were subsequently adjudicated dependent-neglected due to parental unfitness, and concurrent goals of reunification and adoption were set. Robison had been arrested on new criminal charges prior to the adjudication hearing and declined to appear for the adjudication hearing despite being transported from jail. The court ordered her to keep DHS apprised of all developments regarding her criminal matters; undergo a drug-and-alcohol assessment and complete all recommended treatment; submit to random drug screens and a hair-follicle test; obtain and maintain stable housing, employment, and transportation; and attend parenting classes and counseling.

Over the course of the next two years, the circuit court found that Robison failed to comply with any of these orders. She also failed to maintain contact with DHS and was arrested multiple times on new charges. She failed to appear for hearings and moved to Nebraska and then to Missouri. A home study was initiated on Judy Aaron in Nebraska, and the goal was changed to adoption. In November 2022, Robison appeared by Zoom from incarceration in Nebraska for a permanency-planning hearing. The court heard evidence that placement with Aaron had been denied and ordered DHS to look into the possibility

---

[2]The putative father died weeks after the children were taken into custody.

of placement with Robison's mother, Teresa Woods. Robison had given birth to another child who was the subject of a dependency-neglect case in Nebraska and had been placed with Woods. In March 2023, Robison again appeared by Zoom from incarceration in Nebraska, and DHS reported that it had ruled Woods out as a possible placement.

DHS subsequently filed a petition to terminate Robison's parental rights, and a hearing was held in July 2023. On the morning of the termination hearing, Robison's attorney filed two motions seeking to have Aaron and Woods testify via Zoom. At the hearing, Robison's attorney argued that she had been asked by Robison only the day before to have them testify. DHS objected, arguing that it had not had a chance to respond to the motions or gather information about the witnesses. Robison's attorney argued that this was not a proper objection since there was no discovery done, and the witnesses would be allowed to testify if they were present in court. The circuit court denied the motions on the basis of DHS's objection and the lack of time to respond to the motions.

Caseworker Kristen Hill testified that Robison had not seen the children since they were taken into DHS custody and that there was no likelihood that additional services could result in reunification. The children were in a placement that was interested in pursuing adoption. Hill confirmed that Aaron was not able to be the custodian of the children pursuant to the home study. Hill said that DHS had attempted to contact Woods by text, phone, and email but received no response. Hill had also contacted Aaron regarding Woods but again received no response.

Robison testified by Zoom from a community corrections center in Nebraska. She testified that she had completed services including substance-abuse treatment and parenting classes while incarcerated, and she was working on resolving her criminal issues in Arkansas, Missouri, and Oklahoma. Robison said that her mother, Woods, would soon be adopting her youngest child in Nebraska. Robison said that her mother and the Nebraska caseworker had both tried to contact DHS about placement but had been unable to contact anyone. DHS called caseworker Hill in rebuttal. Hill testified that she had not received any communication about Robison's mother from a Nebraska caseworker or anyone else.

On appeal, Robison does not challenge the sufficiency of the evidence supporting termination but instead claims that the circuit court committed reversible error in refusing to allow her mother and grandmother to testify via Zoom. Robison argues that Arkansas Rule of Civil Procedure 88 gives the court great discretion in allowing participants to participate virtually as long as fair proceedings can be ensured. She contends that neither the timeliness of her motion nor DHS's objection are proper reasons for denying her motion under the rule. She argues further that DHS was familiar with the witnesses and that there was no scheduling order that required the disclosure of witnesses by a certain date that would have prevented her from having the witnesses testify in person. Robison claims that the denial of her motions resulted in the court foreclosing consideration of the least-restrictive disposition of relative placement.

DHS argues that denial of the motions was proper because, pursuant to Rule 88(d)(2)(ii), a motion such as Robison's "may not be granted absent an opportunity for all

4

parties to respond under [the Rules of Civil Procedure] and be heard." We agree with DHS that Robison's motions filed on the day of the hearing did not allow DHS time to respond under the Rules. Furthermore, we agree with DHS that Robison fails to demonstrate any prejudice.

Even if there is judicial error in an evidentiary ruling, this court will not reverse unless the appellant demonstrates prejudice. *Garner v. Ark. Dep't of Hum. Servs.*, 2022 Ark. App. 33, 639 S.W.3d 421. To challenge a ruling excluding evidence, an appellant must proffer the excluded evidence so the appellate court can review the decision, unless the substance of the evidence is apparent from the context. *Brown v. Ark. Dep't of Hum. Servs.*, 2017 Ark. App. 67, 511 S.W.3d 895. The failure to proffer evidence so that the appellate court can determine whether prejudice resulted from its exclusion precludes review of the evidence on appeal. *Id.* In arguing her motion below, Robison's attorney stated only that the witnesses would testify "as to my client's abilities or as to the request replacement [sic] or not." She failed to proffer any evidence that may have shown that the court erred in failing to consider or award relative placement with the two witnesses who had been ruled out as placement options prior to the termination hearing. Accordingly, Robison cannot demonstrate prejudice.

Affirmed.

GLADWIN and GRUBER, JJ., agree.

*Leah Lanford*, Arkansas Commission for Parent Counsel, for appellant.

*Chelsea Harvey* and *Demarcus D. Tave*, Ark. Dep't of Human Services, Office of Chief Counsel, for appellee.

*Dana McClain*, attorney ad litem for minor children.